Filed 8/26/25  P. v. Hawkins CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084790 |
| v. | (Super.Ct.No. INF032287) |
| LEON DWANE HAWKINS, | TENTATIVE OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Leon Dwane Hawkins, in pro. per.; and Jean Matulis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Leon Dwane Hawkins, filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court denied at the prima facie stage.

On appeal, counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case and requesting that we exercise our discretion to independently review the record for error.

We offered defendant the opportunity to file a personal supplemental brief; defendant subsequently filed two supplemental briefs.[2] Defendant contends the matter must be reversed and remanded for resentencing because the trial court unconstitutionally admitted the testimony of Johnny Crawford at trial, the prosecutor engaged in prosecutorial misconduct, the trial court erroneously imposed five years on the prior serious felony conviction enhancement, insufficient evidence supported his conviction, and trial counsel engaged in ineffective assistance of counsel. We affirm.

## I. PROCEDURAL BACKGROUND

A jury found defendant and appellant Leon Dwane Hawkins guilty of second degree murder. (§ 187, count 1.) It also found that he personally used a firearm in the commission of the offense (former §§ 12022.5, subd. (a), 1192.7, subd. (c)(8)), and that

---

[1] All further statutory references are to the Penal Code.
Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

he personally and intentionally discharged a firearm causing great bodily harm or death (former § 12022.53, subd. (d)). (*People v. Hawkins* (Jan. 28, 2003, E029896) [nonpub. opn.] (*Hawkins I*); *People v. Hawkins* (Jun. 15, 2020, E074336) [nonpub. opn.] (*Hawkins II*).)

In a bifurcated hearing, the trial court found true allegations that defendant had suffered a prior prison term (§ 667.5, subd. (b)), a prior serious felony conviction (§ 667, subd. (a)), and a prior strike conviction (former §§ 667, subds. (c) & (e), 1170.12, subd. (c)). The court sentenced him to a total term of 60 years to life in state prison consisting, in part, of five years on the prior serious felony conviction enhancement. (*Hawkins I*, *supra*, E029896; *Hawkins II*, *supra*, E074336.)

Defendant appealed contending, in pertinent part, that the prosecutor committed prejudicial misconduct, that his trial counsel rendered constitutionally ineffective assistance of counsel, and that the court erred in denying his motion for new trial based on information purporting to discredit the testimony of Crawford. This court affirmed. (*Hawkins I*, *supra*, E029896; *Hawkins II*, *supra*, E074336.)

On August 15, 2019, defendant filed a petition in the superior court pursuant to former section 1170.95, which the court dismissed. Defendant appealed. This court affirmed the court's order. (*Hawkins II*, *supra*, E074336.)

On July 29, 2022, defendant filed another petition for resentencing pursuant to former section 1170.95. On September 3, 2024, the People filed a request for judicial

notice of the jury instructions given at defendant's trial and this court's opinion in *Hawkins I*, *supra*, E029896.

At the hearing on September 6, 2024, the People argued the jury "was not instructed on any aiding and abetting theories whatsoever; not conspiracy, not aiding and abetting, not natural and probable consequences, felony murder, nonmurder, conspiracy, or implied malice murder in a group setting. He received no aiding and abetting instructions whatsoever. So he is ineligible as a matter of law, and that's our position and the law's position."

Defense counsel noted that it was a "single defendant case." She agreed that "there were no aiding and abetting theories that went to the jury, no natural and probable consequence instructions that were given, or felony murder that went to the jury or instructions on felony murder that went to the jury." Nevertheless, defense counsel contended that defendant had met his burden for issuance of an order to show cause and an evidentiary hearing because the People had failed to prove the requisite intent to convict him of murder at trial.

The court took judicial notice of the jury instructions. The court ruled that defendant had "not met his burden and doesn't meet the requirements at the prima facie level based on the current state of the law under this statute, and therefore his petition is denied as well without prejudice."

## II. DISCUSSION

Defendant contends the matter must be reversed and remanded for resentencing because the trial court unconstitutionally admitted the testimony of Crawford at trial, that the prosecutor engaged in prosecutorial misconduct, that the sentencing court erroneously imposed five years on the prior serious felony enhancement, that insufficient evidence supported his conviction, and that trial counsel committed prejudicial ineffective assistance of counsel.  We disagree.

“““[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.'”” [Citation.]  Consequently, '[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.' [Citation.]” (*People v. Curiel* (2023) 15 Cal.5th 433, 460.)  “““This is a purely legal conclusion, which we review de novo.”' [Citation.]” (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

Where the record of conviction reflects that the defendant was the actual killer, defendant is per se ineligible for relief and no evidentiary hearing is required.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 47-48, 52 (*Harden*).)  Similarly, where the record of conviction reflects that the defendant was not convicted under any theory of imputed malice, no evidentiary hearing is required.  (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review dism. Nov. 17, 2021, S263939 [“[T]he jury instructions themselves demonstrate[d] as a matter of law that [the defendant] could not make a prima facie

5

showing that he is entitled to relief."]; *People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867 [Petition properly denied where jury verdicts necessarily show defendant was convicted under provocative act theory].)

Here, "[w]ithout weighing conflicting evidence or making credibility determinations, the record of conviction irrefutably establishes as a matter of law that the jury determined [defendant] was the actual killer." (*Harden*, *supra*, 81 Cal.App.5th at p. 56; accord *People v. Morales* (2024) 102 Cal.App.5th 1120, 1131-1132; *People v. Patton* (2023) 89 Cal.App.5th 649, 657-658.)

As in *Harden*, defendant "was prosecuted solely on the theory he was the actual killer . . . ." (*Harden*, *supra*, 81 Cal.App.5th at p. 57; *Hawkins I*, *supra*, E029896.) Also as in *Harden*, the court instructed the jury with CALJIC No. 8.10, that every person who unlawfully kills a human being is guilty of murder. (*Harden*, at pp. 54-55) "'This language on its face tells the jury that "the person who unlawfully kills" is guilty of murder. In common understanding, this would refer to the person who inflicted the fatal injury.' [Citation.] The jury was instructed on no alternative definition of murder. Thus, [defendant's] murder conviction necessarily means the jury determined [defendant] actually killed [the victim]." (*Id*. at p. 55.) This is regardless of whether defendant intended the killing.

Moreover, similar to *Harden*, the jury found defendant personally used a firearm and personally and intentionally discharged a firearm causing great bodily injury or death in his commission of the murder. (*Hawkins I*, *supra*, E029896; *Hawkins II*, *supra*,

6

E074336.)  "Thus, when viewing the verdicts as a whole, the jury's true finding that [defendant] personally inflicted great bodily injury necessarily means it determined" defendant killed the victim, intentionally or not.  (*Harden*, *supra*, 81Cal.App.5th at pp. 55-56; see *People v. Jones* (2003) 30 Cal.4th 1084, 1119-1120 [Jury's finding that defendant personally used a firearm supported a determination that it found defendant to be the actual killer].)

Furthermore, the jury instructions reflect that the court did not instruct on, and the jury therefore did not find defendant guilty of, murder under any theory of imputed malice.  The court gave no instructions on felony murder, the natural and probable consequences doctrine, conspiracy, aiding and abetting, or any other theory in which malice could have been imputed to defendant based on his participation in another crime. The jury instructions do not identify any underlying target offense.  Thus, defendant is per se ineligible for resentencing, and the court properly denied defendant's petition.

Additionally, with respect to defendant's claims of error in his briefs, section 1172.6 does not afford defendant "a new opportunity to raise claims of trial error or attack the sufficiency of the evidence . . . ."  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; accord *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal, and [defendant] cannot use it to resurrect a claim that should have been raised in his [earlier] direct appeal."].)  This is particularly true where, as here, defendant previously raised all but one of these claims on direct appeal

7

from the judgment, all of which this court rejected over 20 years ago.[3] (*Hawkins I, supra*, E029896.)

Finally, because defendant previously filed a virtually identical former section 1170.95 petition and unsuccessfully appealed from the court's order dismissing it, that judgment is res judicata. In other words, since defendant raises no new issues in the instant petition that were not already raised and rejected in his first petition and his appeal therefrom, the court below was legally bound to deny or dismiss the instant petition. (*People v. Barragan* (2004) 32 Cal.4th 236, 253 ["[A]ppellate court judgments establish the law that "'must be applied in the subsequent stages of the cause"'—i.e., the law of the case—"'and they are *res adjudicata* in *other* cases as to every matter adjudicated.'" [Citation.]"]; *People v. Boyer* (2006) 38 Cal.4th 412, 443 [The "'law-of-the-case doctrine binds the trial court as to the law but controls the outcome only if the evidence on retrial or rehearing of an issue is substantially the same as that upon which the appellate ruling was based. [Citations.]' "].) The court properly denied defendant's petition.

---

[3] We also note that defendant subsequently filed a petition for writ of habeas corpus raising claims of ineffective assistance of trial counsel and that Crawford's testimony was unreliable. We denied the petition. (*In re Hawkins on Habeas Corpus* (July 24, 2024, E083921).)

We further observe that the claim that the court erred in imposing a five-year consecutive term on the prior serious felony conviction enhancement is a new one. Regardless, defendant cites *People v. Monroe* (2022) 85 Cal.App.5th 393 (*Monroe*), for the erroneous assertion that prior serious felony conviction enhancements have been found invalid since his conviction. *Monroe* only held that in proceedings *pursuant to section 1172.75*, trial courts have *discretion* to strike prior serious felony conviction enhancements. (*Id*. at p. 400.) The instant case was not brought under section 1172.75; thus, not only is defendant not entitled to have his prior serious felony conviction enhancement stricken, but the court below did not even have *discretion* to strike it.

### III.  DISPOSITION

The order denying defendant's motion is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.


FIELDS
J.